J-A29031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH P. MCDONALD, ADMINISTRATOR, D.B.N.C.T.A. OF THE ESTATE OF JOSEPH C. MARCHESE DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1128 EDA 2018 |
| JOHN J. MCCREESH, III, ESQUIRE AND JOHN. J. MCCREESH, IV, ESQUIRE, AND  MCCREESH, MCCREESH, & CANNON | : : : : | |

Appeal from the Order Entered March 13, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2013-27599

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 27, 2018**

Appellant Joseph P. McDonald, Administrator d.b.n.c.t.a. of the estate of Joseph C. Marchese, appeals from the order of the Court of Common Pleas of Montgomery County granting the Motion for Judgment on the Pleadings filed by John J. McCreesh, III, Esq., John J. McCreesh, IV, Esq., and their law practice McCreesh, McCreesh, and Cannon, P.C. (hereinafter referred to collectively as "Appellees").  As the trial court correctly found Appellant's malpractice action against Appellees is barred by the applicable statutes of limitations, we affirm.

_____

* Former Justice specially assigned to the Superior Court.

The trial court aptly summarized the factual background of this case as follows:

Joseph C. Marchese ("Marchese Senior") died in 1998, and Letters Testamentary were issued to his son, Joseph Marchese ("Marchese Junior"). As Executor of the Estate of Marchese Senior ("the Estate"), Marchese Junior engaged [Appellees] to represent him in the administration of the Estate. Pursuant to the engagement, [Appellees] prepared federal estate and income tax returns (IRS Forms 706 and 1041) and the Pennsylvania state tax returns (PA Form REV-1500) for the Estate and filed them in June 1999.

Both the federal estate tax return and the state inheritance tax return, as prepared by [Appellees], listed certain bank accounts and securities accounts as being jointly owned by Marchese Senior (i.e. the Decedent) and Marchese Junior (i.e. the Executor). These accounts are hereinafter referred to as "the Disputed Accounts."

Marchese Junior served as Executor until his death in 2004. The Register of Wills of Montgomery County then appointed Michael Marchese as Successor Executor of the Estate. By Order dated August 13, 2008, the Orphans' Court removed Michael Marchese as Executor and appointed [Appellant] as Administrator d.b.n.c.t.a.

In 2000, the Internal Revenue Service audited the Estate's federal estate tax return. The IRS issued a report dated November 1, 2000, identifying two errors made by [Appellees]. First, it determined that the federal estate tax and state inheritance tax had not been subtracted from the residue of the Estate before calculating the amount of assets that passed to Marchese Senior's widow. Second, the IRS adjusted the amount of Marchese Senior's taxable gifts. As a result, the IRS reduced the amount of the allowed marital deduction, resulting in additional tax owed by the Estate.

On May 1, 2009, [Appellant] filed with the Orphans' Court a Petition for Declaratory Judgment. The Petition alleged, on behalf of certain beneficiaries of the Estate, that the Disputed Accounts were not in fact jointly owned by Marchese Senior and Marchese

Junior, as reported by [Appellees] on the tax returns, but rather were the sole property of Marchese Senior and, thus, of the Estate.

On July 1, 2009, [Appellees] filed with the Orphans' Court an Amended First and Final Account of Joseph D. Marchese (Marchese Junior), as Executor. The Account specifically disclosed the adjustments made by the IRS in the Estate's federal estate tax return. Certain beneficiaries filed Objections to the Account on August 3, 2009.

Extensive litigation ensued on both the Petition for Declaratory Judgment and the Objections to the Account. On March 21, 2012, after a hearing, the Orphans' Court, by the Honorable Lois E. Murphy, issued an Opinion and Order, determining that the Disputed Accounts were the sole property of Marchese Senior and were not jointly owned with Marchese Junior. She ordered that the Estate of Marchese Junior (who was by now himself deceased) must return all distributions from the Disputed Accounts that it had received from the Estate of Marchese Senior. The Estate of Marchese Junior has not complied with the Orphans' Court's Order.

[Appellant], as Administrator of the Estate of Marchese Senior, commenced this action against [Appellees] by Writ of Summons on September 9, 2013. His Amended Complaint is brought in three counts, for breach of fiduciary duty, legal malpractice, and breach of contract.[1] The basis for all three counts is that [Appellees] allegedly failed to properly carry out their duties as attorneys for the Estate – in particular, by improperly preparing the federal estate tax return and by improperly treating the Disputed Accounts as jointly owned with Marchese Junior.

Trial Court Opinion, 3/12/18, at 2-4.

On April 13, 2016, Appellees filed preliminary objections, which were subsequently overruled. On May 23, 2016, Appellees filed an Answer with

---

[1] Appellant filed a Complaint against Appellees on March 13, 2015 and an Amended Complaint on March 17, 2016.

New Matter, in which they raised the applicable statutes of limitations as an affirmative defense. Appellant did not respond to the Answer with New Matter.

On November 16, 2017, Appellees filed a Motion for Judgment on the Pleadings, again arguing that Appellant's action was barred by the applicable statutes of limitations. After Appellee filed a response, the lower court held oral argument.

On March 13, 2018, the lower court entered an order and opinion granting Appellee's Motion for Judgment on the Pleadings. The lower court reasoned that the statutes of limitations for claims challenging Appellees' treatment of the Disputed Accounts began to run on May 1, 2009 when Appellant filed the Petition of Declaratory Judgment seeking that the Accounts be treated as assets of Marchese Senior's Estate. Moreover, the lower court found the statutes of limitations for claims challenging Appellees' handling of the estate's tax returns began to run on July 1, 2009, when Appellees filed the Amended First and Final Accounting which disclosed the tax errors that resulted in the payment of additional taxes and interest by the estate. As this action was not filed until September 9, 2013, the lower court found this action to be barred by the applicable two and four year statutes of limitations. This appeal followed.

The sole issue before this Court is whether the trial court erred in determining that Appellant's causes of action related to Appellee's treatment of the Disputed Accounts were barred by the applicable statutes of

limitations.[2]  When reviewing the entry of judgment on the pleadings, we are guided by the following standard:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a).  A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa.Super. 2015) (citation omitted).

As previously noted, Appellant's lawsuit raised three counts: breach of fiduciary duty, breach of contract, and legal malpractice.  The statute of limitations for a claim of breach of fiduciary duty is two years (42 Pa.C.S.A. § 5524).  A legal malpractice action may be brought in either contract or tort;

---

[2] Appellant does not argue that the trial court erred in finding time-barred his claims regarding Appellees' responsibility for the errors in the preparation of the federal estate tax return.  Accordingly, we need not discuss this finding in this appeal.

while legal malpractice claims sounding in tort have a two-year statute of limitations, legal malpractice claims sounding in contract have a four-year statute of limitations.  *See* 42 Pa.C.S.A. §§ 5524-25; *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa.Super. 2007).  Further:

> The elements of a legal malpractice action, sounding in negligence, include: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff.  With regard to a breach of contract claim, an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large.

*Id*. at 570–71 (citations omitted).

To determine when the statute of limitations begins to run in a malpractice action, this Court applies the occurrence rule, which provides that "the statutory period commences upon the happening of the alleged breach of duty." *Id*. at 572.  However, this Court has recognized that there is an exception to the occurrence rule; the equitable discovery rule will toll the statute of limitations "when the injured person is unable, despite the exercise of due diligence, to know of the injury or its cause.  Lack of knowledge, mistake or understanding, will not toll the running of the statute." *Id*. (citations omitted).

> The Court has provided further explanation of the discovery rule:

> The discovery rule is an exception to the requirement that a complaining party must file suit within the statutory period.  The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period,

- 6 -

the limitations period does not begin to run until the discovery of the injury is reasonably possible. The statute begins to run in such instances when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress. The party seeking to invoke the discovery rule bears the burden of establishing the inability to know that he or she has been injured by the act of another despite the exercise of reasonable diligence.

*Commc'ns Network Int'l, Ltd. v. Mullineaux*, 187 A.3d 951, 961 (Pa.Super. 2018) (quoting *Meehan v. Archdiocese of Philadelphia*, 870 A.2d 912, 919 (Pa.Super. 2005)).

In this case, even in giving Appellant the benefit of the discovery rule to toll the statutes of limitations, the trial court found that there was no question that Appellant knew of the erroneous treatment of the Disputed Accounts when he filed the Petition for Declaratory Judgment on May 1, 2009. In this petition, Appellant requested that the Disputed Accounts be declared assets of the Estate and asserted that the Disputed Accounts contained improper and/or void beneficiary designations in favor of Marchese Junior. Thus, we agree with the trial court's determination that Appellant knew of the injury to the Estate on May 1, 2009.

Appellant primarily argues that the statutes of limitations should have been tolled until March 2012 when the Orphans' Court specifically found that thirteen of the Disputed Accounts were to be treated as assets of the Estate and not as joint property of Marchese Senior and Marchese Junior. Specifically, Appellant asserts that he could not have filed suit prior to the

Orphans' Court's determination as he contends that any damages to the Estate were speculative until that point.

This Court has previously rejected a similar argument in **_Wachovia Bank_**, which we find to be controlling precedent. In that case, an attorney for Wachovia's predecessor bank (Meridian) obtained a judgment against a real estate development company and its partners. After Meridian entered a settlement agreement with one of the partners in 1992, Meridian's attorney failed to file a praecipe to acknowledge the satisfaction of the judgment. In 1994, the partner filed suit against Meridian, seeking liquidated damages based on Meridian's failure to mark the judgment as satisfied. After prolonged litigation, the trial court ultimately ruled in the partner's favor in June 2003 and awarded him liquidated damages.

Wachovia, Meridian's successor, filed a malpractice action in 2005 against the attorney who had neglected to have the judgment marked as satisfied. The trial court granted the attorney's motion for judgment on the pleadings, finding the action to be time-barred. This Court affirmed, finding that the bank became aware of its potential malpractice claim in 1994 upon the filing of the partner's lawsuit for liquidated damages based on Meridian's failure to mark the judgment as satisfied.

In addition, this Court dismissed Wachovia's argument that it could not initiate the malpractice lawsuit until it incurred actual loss by the entry of judgment in the litigation filed by the partner. This Court explained that:

the test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages.... Thus, damages are speculative only if the uncertainty concerns the fact of damages rather than the amount.

***Wachovia Bank***, 935 A.2d at 572 (citation omitted). As the damages allegedly suffered by Wachovia were "identifiable" when the partner initiated the litigation against the bank for liquidated damages, the statutes of limitations for the bank's malpractice claim accrued when it was sued for the failure to have the judgment marked as satisfied and not when the court made a final determination in that matter. ***Id***. at 574.

Likewise, in this case, Appellant demonstrated his knowledge of damages to the Estate when he filed the Petition for Declaratory Judgment, asking the Orphans' Court to declare the Disputed Accounts to be assets of the Estate and asserting that the Disputed Accounts contained improper and/or void beneficiary designations in favor of Marchese Junior. At that point, the damages to the Estate were identifiable as Appellant's petition cited to the Pennsylvania Inheritance Tax Return that had been previously filed by Appellee John J. McCreesh, III, Esq., which had listed the Disputed Accounts as joint property of Marchese Senior and Marchese Junior and reported their monetary values.

In addition, there is no basis in the record to support Appellant's claim that he had no reason to know that Appellees had any involvement with the Disputed Accounts until the Orphans' Court made a determination that the accounts were improperly treated as joint accounts. As noted above,

Appellant's May 2009 Petition for Declaratory Judgment relies on the tax return filed by Appellee John J. McCreesh, III, Esq. in which the Disputed Accounts were improperly classified as joint accounts; the tax return expressly lists Atty. McCreesh as the correspondent.

Moreover, even if we were to accept Appellant's allegation that he did not know the identity of the attorney who had responsibility in the improper classification of the Disputed Accounts, this fact is irrelevant to our determination of when the statutes of limitations began to run. This Court has held "once a victim is put on notice that there may be legal responsibility on the part of another or others, with the only outstanding problem being the identity of the culpable party, the statute's commencement could not be delayed[.]" *DeMartino v. Albert Einstein Med. Ctr., N. Div.*, 460 A.2d 295, 304 (Pa.Super. 1983). When Appellant filed the Petition for Declaratory Judgment in May 2009, Appellant clearly had "sufficient critical facts to put him on notice that a wrong had been committed and that he need to investigate to determine whether [the Estate was] entitled to redress." *See Commc'ns Network Int'l*, *supra*.

As a result, the statute of limitations for the legal malpractice action against Appellees was tolled until May 1, 2009. Thus, the two-year statute of limitations to commence an action for breach of fiduciary duty expired on May 1, 2011. In addition, the four-year statute of limitation to commence a malpractice action based on a breach of contract claim expired on May 1,

2013. As Appellant did not file this action until September 9, 2013, all of Appellant's claims are barred by the applicable statutes of limitations.

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18